# IN THE COURT OF APPEALS OF IOWA

No. 17-1479
Filed May 2, 2018

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**CORTEZ HARRIS,**
　　　Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson (plea) and John D. Telleen (sentencing), Judges.

A defendant appeals following his guilty plea to possession of marijuana with intent to deliver. **AFFIRMED.**

Jack E. Dusthimer, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

Cortez Harris appeals following his guilty plea to possession of marijuana with intent to deliver in violation of Iowa Code section 124.401(1)(d) (2017). On appeal, Harris argues his plea counsel was ineffective and the sentencing court abused its discretion.

*Ineffective Assistance of Counsel.*

Harris alleges deficiencies in his guilty-plea proceeding. Specifically, Harris alleges the sentencing court did not substantially comply with Iowa Rule of Criminal Procedure 2.8(2)(b). Because Harris did not file a motion in arrest of judgment, he can only bring these claims through an ineffective-assistance-of-counsel framework. *See* Iowa R. Crim. P. 2.24(3) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal.").

"Generally, we do not resolve claims of ineffective assistance of counsel on direct appeal." *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002). "Rather, we preserve such claims for postconviction relief proceedings, where an adequate record of the claim can be developed and the attorney charged with providing ineffective assistance may have an opportunity to respond to defendant's claims." *Id.* "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006).

Here, to prove his plea counsel was ineffective, Harris must prove that if not for the errors of counsel, he would have insisted on going to trial. *Id.* We find the record is insufficient to address this issue, and preserve his claim for possible postconviction proceedings.

*Sentencing.*

Harris argues the sentencing court abused its discretion by improperly considering Harris's decision to not participate in in-jail programming. We will not reverse the sentence imposed absent an abuse of discretion or some defect in the sentencing procedure. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). When the sentence imposed is within the statutory limits, it is "cloaked with a strong presumption" in its favor. *Id.* Harris's sentence is within the statutory limits. *See* Iowa Code § 902.9(1)(e).

Harris does not cite any authority to support his argument that it is improper for the sentencing court to consider Harris's lack of participation in programming. "Failure to cite authority in support of an issue may be deemed waiver of that issue." Iowa R. App. P. 6.903(2)(g)(3). Further, Iowa courts have previously considered a lack of participation in treatment and rehabilitative programming. *See, e.g., State v. Clarke*, No. 14-1669, 2016 WL 719130, at *1 (Iowa Ct. App. Feb. 9, 2016); *State v. Nabors*, No. 15-0473, 2015 WL 8313148, at *2 (Iowa Ct. App. Dec. 9, 2015). The sentencing court properly exercised its discretion in sentencing Harris. We affirm.

**AFFIRMED.**